No. 4176.

(Court of Appeal, Parish of Orleans.)

## MRS. CHARLES FEAHNEY et al, vs. NEW ORLEANS RAILWAYS & LIGHT CO.

1. The Civil District Court for the Parish of Orleans is without jurisdiction ratione materiae in a reconventional demand when the amount in dispute therein is below its lowest jurisdictional limit.
2. The main demand involves questions of fact only which are resolved in favor of the defendant.

Appeal from Civil District Court, Division "D."

McCloskey & Benedict and F. W. Hart, for Plaintiff and Appellant.

Dart & Kernan and H. P. Dart, Jr., for Defendant and Appellee.

MOORE, J. This was a suit for damages arising out of a collision between a float owned by the plaintiff, and a car of the defendant company.

The amount claimed by the plaintiff is $128.00. The defendant reconvened for the sum of $46.00, averring that the accident was caused by the negligence and carelessness of plaintiff's driver who drove the float into the car, damaging the latter in the amount claimed.

There was judgment rejecting plaintiff's demand and awarding defendant damages on its reconventional demand for $44.91. From this judgment plaintiff appeals.

The evidence satisfies us, as it did our brother of the District Court, that the collision occured through the gross fault, carelessness and inattention of the driver of the float. The accident occured at the intersection of Dryades and Perdido Streets, the float coming out of the latter street, as the car was going down Dryades Street. As the car approached Perdido Street the motorneer rang his bell and at about fifty feet from Perdido Street he noticed the float coming out.

The driver of the float first attempted to cross the track

ahead of the car, then, realizing that he could not do so, swung his mules around in the diretcion in which the car was going when one of the mules attached to the float was struck on the left front shoulder by the car.

Every effort was made by the motorneer in charge of the car to avert the coliision. The moment the float was seen by him coming out Perdido Street, he rapidly rang his bell and put on the brakes, but the float was driven so fast out Perdido Street in an effort to cross the track ahead of the car, that it was impossible to stop the car in time o avert the impact. The driver of the float was altogether at fault and it was his own recklessness which brought on the accident. The judgment so far as it rejects plaintiff's demand is not error. There is error, however, so far as concerns the allowance of the damages claimed in reconvention for the reason that quoad that demand the Court was without jurisdiction, *ratione materiae*.

Art. 133 of the Constitution provides that the jurisdiction of the Civil District Court for the Parish of Orleans, which is the the Court in which this suit was filed, shall be "in all cases when the amount in dispute or the fund to be distributed shall exceed one hundred dollars exclusive of interest." There is no "fund to be distributed" in the instant case. There is an "amount in dispute" on the main demand which is within the constitutional limit, but the "amount in dispute" on the reconventional demand is not, hence the Court was without jurisdiction to entertain it.

We had occasion in Labarthe vs. Mazzi, 2 Ct. App. Rep. 367 to consider a similar question and there said: "Whenever a sum less than that amount ($100.00) "is in dispute" arises on the main demand or on the reconventional demand, the constitutional article, *supra,* interposes its inhibition and the Civil District Court may not determine the "dispute."

The Constitution does not ordain, nor does statute provide, (if indeed any statute to that effect would be constitutional), that the Civil District Court, or any Court of original jurisdiction having jurisdiction of the main demand, shall also have jurisdiction of reconventional or other incidental demands whatever be the amount in dispute therein. No more may a reconventional demand for less than one hundred dollars be entertained by the Civil District Court than may a reconventional

demand for over one hundred dollars be entertained by the City Courts whose highest jurisdictional limit is fixed by the constitution at one hundred dollars.

In Heirs of Kempe vs. Hunt et als., 4 La. 477-485, the Court said that the law "limits demands in reconvention to Courts competent to decide on the merits contained in such demands," and denied jurisdiction of a demand pleaded in reconvention, of which the probate Court had exclusive original jurisdiction.

In Cross vs. Parent, 26 A. 591, a third person, intervened claiming ownership of property attached as that of the defendant. The value of the property claimed by the intervenor was less than five hundred dollars. Under the then constitution (Con. 1868) the Parish Courts had exclusive original jurisdiction in all cases where the amount involved did not exceed $500.00. The intervention was filed in the District Court which had jurisdiction of the main demand. Considering this intervenor's demand the Court said: "In regard to the intervention of West, we will remark that the judgment in his favor was an absolute nullity; the matter in dispute in his reconvention being less than five hundred dolalrs, the Court was without jurisdiction *ratione materiae.* If the property belonged to him he should have claimed it in a Court of competent jurisdiction."

The judgment on the reconventional demand in the instant cause being an absolute nullity the judgment appealed from must be amended in this particular.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be and the same is hereby amended by striking out therefrom so much thereof as condemns the plaintiff to pay to the defendant the sum of forty-four 91/00 dollars on the reconventional demand; that said reconventional demand be rejected as of non-suit, and that as thus amended the judgment be affirmed.

The cost of the lower Court to be paid by the plaintiff and appellant and those of appeal by the defendant and appellee.

Dufour, J., takes no part.

April 22, 1907.

Rehearing refused May 20, 1907.